# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EBONY CRYSTAL MALCOM,

       Petitioner,                       Case Number: 2:13-CV-10332

v.                                           HONORABLE DENISE PAGE HOOD

BENNY N. NAPOLEON,

       Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR
## WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

This is a habeas corpus proceeding filed by Petitioner Ebony Crystal. Petitioner is presently incarcerated at the Wayne County Jail in Detroit, Michigan. Because Petitioner has not exhausted her state court remedies with respect to the claims asserted in her petition, the Court dismisses the petition without prejudice.

**I.**

Petitioner is awaiting trial in Wayne County Circuit Court on multiple charges, including identify theft, forgery, and conducting a criminal enterprise. Petitioner appears to challenge the legality of her custody on the following grounds: (i) First Amendment violation; (ii) Fifth Amendment violation; (iii) Eighth Amendment violation; and (iv) Thirteenth Amendment violation.

**II.**

**A.**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases. The claims presented in the habeas petition are unexhausted and therefore do not present grounds upon which this Court may grant habeas relief at this time. Accordingly, the petition will be dismissed without prejudice.

**B.**

Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). However, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* Abstention from intrusion into state court proceedings is justified by the doctrine of comity which reduces friction between state and federal court systems by providing state courts the opportunity to

correct a constitutional violation in the first instance. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.* State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner's claims may be resolved in the pending state court criminal proceeding or on appeal. Petitioner, therefore, must await resolution of her claims at trial and, if she is convicted, on appeal before she can file a habeas corpus petition. *Accord Campbell v. Zych*, No. 08-14804, 2009 WL 377081, *2 (E.D. Mich. Feb. 11, 2009) (summarily dismissing habeas petition filed by pretrial detainee where claims had not been exhausted); *Jenkins v. Montgomery County Jail*, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition filed by pretrial detainee alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008). Petitioner has failed

to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.

### III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore **DENIES** a certificate of appealability under 28 U.S.C. § 2253(c)(2).


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 13, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 13, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager